# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                    **Case No. 3:17cr112/MCR**

**GREGORY S. ROTHWELL, JR.**

_____

## **ORDER**

This matter is before the Court on Defendant Gregory S. Rothwell's Motion to Suppress, ECF No. 48, which the Government opposes, ECF No. 50. Having fully considered the parties' submissions and the applicable law, the Court finds that Rothwell's motion is due to be denied and, thus, the hearing scheduled for March 20, 2018 will be cancelled.

Gregory S. Rothwell, Jr. is charged in a three-count indictment with one count of possession of marijuana with intent to distribute,[1] one count of possession of a firearm in furtherance of a drug trafficking crime,[2] and one count of possession of a firearm by a convicted felon.[3] The Government also seeks criminal forfeiture of $40,040 in cash and a Remington 9-millimeter. Rothwell has moved to suppress all evidence seized by law enforcement following the seizure of his 2013 white Jaguar

_____

[1] 21 U.S.C. §§ 841(a)(1), (b)(1)(D).

[2] 18 U.S.C. § 924(c)(1)(A)(i).

[3] 18 U.S.C. §§ 922(g)(1), 924(a)(2).

XJ, and the search of his vehicle and storage unit pursuant to two state search warrants.

According to Rothwell, law enforcement did not have probable cause to seize and search his Jaguar and storage unit because proper procedures were not taken as part of a canine sniff of the vehicle. The Government responds that because a trained canine alerted to the presence of narcotics around the Jaguar, law enforcement had probable cause to seize and search Rothwell's vehicle. Rothwell also argues that the warrants were invalid because the supporting affidavits were inconsistent. The Government responds that the errors in the affidavits are merely clerical in nature, insufficient to warrant suppression of evidence.

## I.    Background

On July 13, 2017, the Okaloosa County Sheriff's Street Crimes Unit was conducting patrols in Fort Walton Beach, Florida. Sergeant H. Hehl observed approximately four males sitting outside Bella Vista Apartments, Unit 7A, at 312 Monahan, Fort Walton Beach, Florida ("Apartment 7") and detected the odor of marijuana in that area. ECF No. 48 at 1. Sergeant Hehl contacted Sergeant Michael Rader and requested the Okaloosa County Sheriff's Office Street Crimes Unit to investigate. ECF No. 50-1 at 4. Sergeant Rader and Deputy Jessica Keel arrived at the apartment complex and attempted to contact the males sitting outside Apartment 7 but the men quickly entered the apartment and closed the door. ECF No. 48 at 1.

Case No. 3:17cr112/MCR

Several vehicles, including Rothwell's 2013 white Jaguar, a 2013 black Cadillac, and a 2014 black BMW were parked directly in front of the apartment. *Id.* at 1-2. The officers smelled marijuana around the vehicles and deployed a trained canine to conduct a narcotics sniff on all three vehicles. *Id.* at 2. The canine alerted to the odor of narcotics on all three vehicles. *Id.* Sergeant Rader claims he observed a firearm in Rothwell's vehicle. *Id.*; ECF No. 50-1 at 5. The officers seized the Jaguar and removed it to the Okaloosa County Sheriff's Office. *Id.* at 3; ECF No. 50-1 at 5. The following day, law enforcement obtained a search warrant and searched the vehicle, uncovering a firearm in the passenger compartment of the vehicle,[4] money, approximately 70 grams of marijuana in the trunk, and receipts to storage unit A360 ("Unit A360") at the U-Haul Moving and Storage of Fort Walton Beach, for which an additional search warrant was obtained.[5] *Id.* at 3; ECF No. 50-1 at 2.

*Affidavit for a Search Warrant for Rothwell's Vehicle*

According to the search warrant affidavit for Rothwell's Jaguar, the affiant is Investigator Branden Findley. Investigator Findley states that (1) Sergeant Hehl was travelling near Bella Vista Drive and smelled marijuana in the area; (2) Sergeant

---

[4] The Government contends that the firearm was seen by the officers in plain sight with an extended magazine between the driver's seat and center console while they were at the Bella Vista Apartments.

[5] During this search, law enforcement found drug paraphernalia, a digital scale, and approximately $40,040 in cash.

Hehl observed males sitting in front of Apartment 7 and believed they were smoking marijuana; (3) Sergeant Hehl contacted Sergeant Michael Rader and requested the Okaloosa County Sheriff's Office Street Crimes Unit to investigate the area (4) Sergeant Rader conducted a foot patrol in the apartment complex, observed the vehicles parked in front of Apartment 7, and could smell the odor of marijuana; (5) based on Investigator Findley's prior contacts with Rothwell and the other men whose cars were parked outside Apartment 7, Investigator Findley knew that they were narcotics distributors; (6) Sergeant Rader requested a canine unit for a walk around of the vehicles; (7) Deputy Putnam responded to the canine request and the canine alerted to the presence of a narcotic odor emitting from all three of the vehicles; (8) Sergeant Rader observed a firearm in the Jaguar in plain view; (9) Rothwell is the registered owner of the Jaguar and is also a convicted felon; and (10) the Jaguar, along with the two other vehicles, were towed to the Okaloosa County Sheriff's office and secured pending application for a search warrant. ECF No. 50-1 at 4. Investigator Findley signed both the affidavit and an inventory and receipt of property seized.

*Affidavit for a Search Warrant for Unit A360*

The search warrant for Unit A360 indicates that the affiant is Lieutenant David Allen but also states that "affidavit having been made before me by Investigator

*Branden Findley*. Paragraphs 1 through 12[6] of the search warrant affidavit for the storage unit are substantially similar to that for the Jaguar, with the exception of Investigator Findley's name crossed out on the application and replaced with Lieutenant Allen's name, and Lieutenant Allen's attestation the he obtained the search warrant for Rothwell's Jaguar and executed the warrant. An inventory and receipt of property seized from the storage unit was signed by Investigator Findley.

## II.    Discussion

Although Rothwell concedes that a canine sniff of a person's property located in a public place is not a search and a positive alert provides probable cause for a search of that property, he argues that because the officers smelled marijuana while driving by the area, proper procedures should have been taken to ensure that the canine was alerting to marijuana on the cars and not marijuana in the open air. ECF No. 48 at 5-6. Rothwell argues that because law enforcement failed to ensure that the canine was not influenced by the marijuana in the air, there was no probable cause to search Rothwell's car or to obtain a search warrant. *Id.* at 6-7. This is incorrect.

Under the Fourth Amendment, there is a fundamental "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches

---

[6] Paragraphs 13 through 16 of the search warrant affidavit for the storage unit differ from the affidavit for the search of the Jaguar because these paragraphs contain information regarding the search executed on the Jaguar and a canine sniff outside the storage unit.

Case No. 3:17cr112/MCR

and seizures." U.S. Const. amend. IV. "This fundamental right is generally preserved by a requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer upon a showing of probable cause." *United States. v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006) (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)). "It is well settled that detection of the odor of marijuana furnishes probable cause to search a vehicle." *United States v. Rivera*, 595 F.2d 1095, 1099 (5th Cir. 1979) (cited in *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982)). Under Eleventh Circuit law, "probable cause arises when a drug-trained canine alerts to drugs." *United States v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993). "An alert from a narcotics detection canine establishes probable cause if 'all the fact surrounding a dog's alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime.' … This analysis requires courts to examine the totality of the circumstances surrounding the canine's alert, instead of applying 'rigid rules, bright-line tests, and mechanistic inquiries.'" *United States v. Trejo*, 551 F. App'x 565, 568 (11th Cir. 2014) (quoting *Florida v. Harris*, 568 U.S. 237, 248 (2013)). Before finding probable cause, courts generally require that the dog's alert be reliable, usually by way of experience and training. *Id.* at 568-569; *United States v. Venema*, 563 F.2d 1003, 1005 (10th Cir. 1977).

In this case, there was probable cause to seize the Jaguar and search its contents. Investigator Findley stated in his affidavit that Sergeant Rader "observed three vehicle[s] parked in front of [A]partment 7 and could smell the odor of marijuana." ECF No. 50 at 4. Based on his personal knowledge of the subjects whose vehicles were parked outside the apartment and their reaction to the officers' presence, he requested a canine walk around the vehicles. *Id.* at 5. Deputy Putnam and her canine partner arrived and the dog alerted to the presence of narcotics around the three vehicles. *Id.* The affidavit states that "Titan," the canine dog, and Deputy Putnam completed a narcotics detection course, were evaluated by the United States Police Canine Association Judge, and were evaluated and certified in February 2017 in patrol work and narcotics. *Id.* Based on this, the Court finds the canine's alert reliable and consequently also finds that the officers had probable cause to seize the vehicle, obtain the search warrants, and execute them. With respect to Rothwell's argument that law enforcement should have "ensure[d] that proper procedures were taken to confirm that the dog was alerting on the cars and not the marijuana smell in the air," Rothwell has not cited to any legal authority for this proposition and the Court has found none on its own.

Regarding the search warrant affidavits, Rothwell argues that "[e]ither one or both of the affidavits contain false information as both Lieutenant David Allen and Investigator Brandon Findley claim that each obtained and executed the search

warrant for Defendant's white 2013 Jaguar, which subsequently led to probable cause to obtain a search warrant for Unit A360. In either event, the court should not be a rubber stamp on an application for search warrant. If Lieutenant David Allen was not the one who searched the Jaguar, he could not swear under oath that he searched it and found the items that resulted in probable cause for further search warrants to be executed on Unit A360." Rothwell argues that under *Franks v. Delaware*, 438 U.S. 154 (1987), once he has made a substantial preliminary showing that statements included in an affidavit were made with reckless disregard for the truth, the Fourth Amendment requires a hearing.

Generally, affidavits supporting search warrants are presumptively valid. *Franks* at 171. However, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Id.* at 155-156. "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the

fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156.

Here, the inconsistencies in the search warrant affidavits, i.e. the names of the individuals conducting or executing the searches, are not facts necessary to a finding of probable cause, which was the issue before the state circuit judge. As the Government points out, each search warrant states "[t]he following information is based on your Affiant's own investigation or was provided by other law enforcement officers." This is consistent with the *fellow officer rule*, which imputes the collective knowledge of the investigating officers to each participating officer. *States v. Hensley*, 469 U.S. 221, 232 (1985); *Terrell v. Smith*, 668 F.3d 1244 (11th Cir. 2012). At times officers must act swiftly to preserve evidence and it is possible that these clerical errors arose in that pursuit, but there are no facts to suggest that false statements were made "knowingly and intentionally, … with disregard for the truth" or recklessly. Therefore, having found that the inconsistencies were not necessary to a finding of probable cause, the Court concludes that Rothwell is not entitled to a *Franks* hearing and his Motion to Suppress is due to be denied.

Accordingly, Defendant's Motion to Suppress Evidence, ECF No. 48, is **DENIED**.

**SO ORDERED**, this 15th day of March, 2018.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:17cr112/MCR