UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:  3:17cr112/MCR/MAL
                                                   3:20cv6032/MCR/MAL

GREGORY S. ROTHWELL, JR.
     Defendant.

---

## **REPORT AND RECOMMENDATION**

This matter is before me on Defendant Gregory S. Rothwell, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1] ECF No. 112. The Government responded in opposition (ECF No. 117) and Defendant filed a reply. ECF No. 123. After review of the record and relevant law, I recommend the § 2255 motion be denied without an evidentiary hearing because Defendant cannot establish he was prejudiced by any alleged deficiencies of counsel. *See* Rules Governing Section 2255 Cases 8(a) and (b).

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## I.    BACKGROUND

On November 14, 2017, a federal grand jury charged Defendant with (1) knowingly possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D) (Count One); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count Three). ECF No. 1. The indictment listed four prior felony convictions. Defendant retained attorney Barry William Beroset, Esq., to represent him.

The Government filed an Information and Notice of Intent reflecting its intent to seek enhanced penalties pursuant to 21 U.S.C. § 851 due to Defendant's two prior felony drug convictions. ECF No. 14.

The district court set a change of plea hearing for January 5, 2018, before ruling on two pending motions in limine.[2] ECF No. 34. At the hearing, however, counsel notified the court that Defendant did not wish to enter a guilty plea and

---

[2] On December 13, 2017, counsel filed an Objection to Rule 404(b) evidence and Motion in Limine. ECF No. 19. Defendant sought to preclude the Government from introducing evidence of statements he made during a March 10, 2011, arrest for trafficking in controlled substances and possession of a firearm by a convicted felon. On December 29, 2017, Defendant filed a second Motion in Limine to preclude the introduction of recordings between Defendant and Justin Reimche absent a proper foundation to identify Defendant's voice. ECF No. 25.

instead intended to proceed to trial. ECF No. 37, ECF No. 98. Following the hearing, counsel filed a motion for a continuance, asserting the need for additional time to prepare for trial. ECF No. 39. That day, the district court granted the motion and rescheduled the trial from January 8, 2018 to April 2, 2018. ECF No. 40.

On February 8, 2018, after the original trial date, Defendant filed a Motion for Leave to File Motion to Suppress. ECF No. 44. The district court granted the motion over the Government's objection. ECF Nos. 45, 47. Defendant filed the motion to suppress, and the district court denied the motion without a hearing after reviewing the Government's response. ECF Nos. 48-51.

After a two-day jury trial, the jury convicted Defendant on all three counts. ECF No. 65; ECF Nos. 101-102. The district court denied Defendant's motions for judgment of acquittal and for a new trial. ECF Nos. 74, 75, 80.   The premise for the motions was that Defendant was factually innocent.

The Final Presentence Investigation Report (PSR) determined the applicable advisory guideline range was 360 months to life because Defendant was a career offender also convicted of violating 18 U.S.C. § 924(c) or 929(a). ECF No. 85, PSR ¶ 120.[3] *Id.* The court imposed a sentence significantly below the applicable range,

---

[3] Absent the career offender status, Defendant's guideline range would have been 200 to 235

sentencing Defendant to a term of 240 months' imprisonment. ECF No. 92, ECF No. 93 at 4-5 (explaining reason for variance); ECF No. 103.

On appeal, Defendant argued (1) the district court abused its discretion in failing to remove a juror who had expressed concerns about the juror's safety based on the juror's close work with state and county inmates, and (2) the court erred in considering certain conduct as relevant conduct under U.S.S.G. § 1B1.3(a)(2), which then shifted the ten-year window for considering prior convictions and resulted in his being sentenced as a career offender. ECF No. 109 at 2. On December 20, 2019, the Eleventh Circuit affirmed. *Id.* at 13.

Defendant timely filed his § 2255 motion in December of 2020.[4] ECF No. 112. Defendant's lone claim for relief is counsel was constitutionally ineffective in his representation during the plea negotiation and pre-trial phase when Defendant

---

months. ECF No. 85 at ¶ 120. Defendant's base offense level for Counts One and Three (grouped for guideline calculation purposes) was 26. PSR ¶ 54. After a two-level adjustment for obstruction of justice, his adjusted offense level was 28. PSR ¶s 43-49, 58, 59. This was the same offense level applicable to him because of his career offender status, and his total offense level was also 28. PSR ¶s 60, 62. The difference is Defendant would have had a criminal history category of IV, but for his status as a career offender, which automatically relegated him to category VI. PSR ¶s 72-74. A total offense level of 28 and a criminal history category of IV yields a guideline imprisonment range of 140 to 175 months, which, together with the 60-month consecutive term on Count Two yields 200 to 235 months.

[4] Defendant's § 2255 motion was dated November 24, 2020 and postmarked December 7, 2020. ECF No. 112 at 12, 13. The motion is timely filed based on either of those two dates pursuant to the prison mailbox rule although the clerk did not receive it until December 31, 2020.

was making the decision whether to plead guilty or proceed to trial. *Id.* at 4. The Government opposes the motion.

## II.    ANALYSIS

### A. <u>Standard for §2255 Ineffective Assistance of Counsel Claim</u>

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   See 28 U.S.C. § 2255(a).

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001); *see also Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (petitioner bears the burden of persuasion to show, by a preponderance of the competent evidence, both that counsel's performance was

unreasonable and that he was prejudiced by that performance."). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). "The court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

The sixth amendment right to the effective assistance of counsel extends "to the negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (citing *Missouri v. Frye*, 566 U.S. 134, 138-145 (2012); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012)). A criminal defense lawyer "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. A lawyer's failure to convey a plea agreement thus constitutes deficient performance under Strickland. *Id*. at 145, 147. A defendant who claims ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgment and sentence that were imposed. *Lafler*, 566 U.S. at 164; *United States v.*

*Smith,* 983 F. 3d 1213, 1221-22 (11th Cir. 2020). A defendant's "own conclusory after-the-fact assertion" that he would have accepted a guilty plea, without more, is insufficient" to establish prejudice, particularly if the defendant has disavowed any interest in pleading guilty. *Smith,* 983 F. 3d at 1222 (quoting *Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015); *see also Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Polshyn v. United States*, Case 20-11844, 2021 WL 5904089, at *2 (11th Cir. Dec. 14, 2021) (Defendant did not meet his burden of showing prejudice because there was no credible allegation that he would have accepted a plea offer and pleaded guilty). A defendant's insistence that he is innocent is a "relevant consideration" that "makes it more difficult to accept his claim" that he would have agreed to a plea deal. *See Osley v. United States*, 751 F.3d 1214, 1224–25 (11th Cir. 2014); *Polshyn*, *supra*.

To prevail on his claim, Defendant must provide factual support for his contentions regarding counsel's performance. *See Beeman v. United States,* 899 F. 3d 1218, 1218 (11th Cir. 2018); *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Griffith v. United States*, 871 F. 3d 1321, 1329 (11th Cir. 2017). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop−Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).

### B. Defendant's Claim

Defendant's lone claim for relief is he was denied effective assistance of counsel during the plea negotiation stage, with respect to the decision whether to plead guilty or proceed to trial. Defendant's and the Government's positions will be set forth in turn.

1. Defendant's position

Defendant contends Mr. Beroset misadvised him concerning the sentencing consequences and potential benefits of the Government's plea offers or of pleading guilty as charged in the indictment, thus depriving him of the opportunity to make an informed decision about how to proceed. ECF No.112-1 at 9. Defendant claims counsel told him he would receive a sentence of 25 to 30 years' imprisonment if he accepted a plea without cooperating. *Id.* at 10. Defendant further asserts counsel failed to accurately advise him of the advisory nature of the sentencing guidelines and erroneously told him that unless he cooperated, a sentence within the guidelines range found applicable to him was "mandatory." *Id.* at 10, 14; ECF No. 113 at 3. Defendant also states, without explanation, that cooperation was "not an option" in his case. ECF No. 113 at 3.

Defendant suffered prejudice, he says, because he would have received a significantly lower sentence had he entered a guilty plea. He asserts if he had timely entered a guilty plea and accepted responsibility, a conviction to the offenses charged in the indictment would have resulted in an advisory guidelines range of 262 to 327 months. *See* ECF No. 112-1 at 13, and n.8 (citing U.S.S.G. § 4B1.1(c)(3)). This calculation assumes a three-level reduction for acceptance of responsibility,

despite the finding that he obstructed justice. ECF No. 85, PSR ¶s 43-49. With only a two-level acceptance of responsibility reduction, the applicable guideline range would have been 292 to 365 months. U.S.S.G. § 4B1.1(c)(3). Defendant now speculates if he had entered a "straight up" guilty plea and accepted responsibility the Court would have imposed a sentence of approximately 66% of the low end of the guideline sentence, as it did after his trial. ECF No. 112-1 at 13, n.9 and p. 22-23. To this end, Defendant contends counsel was remiss in not advising him that "his case was [] rife with potential sentence mitigators raising a reasonable probability that the sentencing court would vary downward from the applicable guideline range." ECF No. 112-1 at 14, 17. Defendant also insists counsel should have recognized the relatively minor nature of his prior convictions despite the impact these convictions had on his sentencing guidelines, which would have given counsel the basis for an argument that Defendant should receive a downward variance from the applicable guidelines range. ECF No. 112-1 at 15.

Defendant also asserts, without factual support, it is "probable" the Government would have allowed him to plead guilty to Counts One and Three, possession with intent to distribute marijuana and possession of a firearm by a convicted felon, respectively, and would have agreed to drop Count Two, possession

in furtherance of a drug trafficking crime, which carried the mandatory consecutive sentence. ECF No. 112-1 at 14 n.10. The speculative nature of Defendant's assertion is confirmed by his request in the instant motion "to clarify whether such offer was extended but not fully and accurately conveyed by counsel." *Id*

In sum, Defendant claims had he received accurate advice from counsel about sentencing consequences and the potential benefits of the Government's plea offer or of merely pleading guilty without the benefit of a plea offer, he would have pleaded guilty "*with or without a plea offer*" and received a lesser sentence. ECF No. 112-1 at 20; ECF No. 113 at 4.

2. <u>The Government's Position</u>

The Government maintains Defendant has not shown either that Mr. Beroset provided constitutionally inadequate representation under *Strickland* or that Defendant was prejudiced by any alleged inadequacy. First, the Government notes counsel's remarks at sentencing showed he understood the advisory nature of the Sentencing Guidelines. Counsel said: "Obviously the Career Offender guidelines of 360 to life are not mandatory. The Court can go below those." ECF No. 103 at 31.

Mr. Beroset unequivocally states in his affidavit "At no time did I advise Mr. Rothwell that the guidelines were 'mandatory', nor did I advise him that he would

get a specific sentence 'no matter what.'" ECF No. 117-2 at 4. In fact, counsel did not rely on his own guideline estimate, but instead asked the Government to share its calculations with him. ECF No. 117-2, ¶2, 3, 5 10; ECF No. 117-2 at 7 (emails between counsel and AUSA Forbes). The Government asserts:

> Even if somehow it were true that Mr. Beroset told the defendant at some point in private that the guidelines were mandatory despite Mr. Beroset's demonstrated understanding otherwise, the defendant has failed to show prejudice because he was advised of the correct penalties and the advisory nature of the guidelines when he signed the plea documents.

ECF No. 117 at 9.

Defendant and counsel signed a plea agreement on January 4, 2018, in anticipation of his entering a guilty plea. ECF No. 117-1 at 5. Although the guilty plea did not come to fruition, Defendant presumably read the documents he signed, in particular, the plea agreement which set out the maximum penalties he faced, *see id.* at 1-2, and also provided:

> The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense(s).

ECF No. 117-1 at 3-4. The agreement further stated any prediction of the sentence to be imposed was "not a guarantee or binding promise" and because of the "variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction." *Id.* at 4.

With respect to alternate plea deals, Mr. Beroset's affidavit reflects Defendant repeatedly insisted he did not want to plead guilty to anything other than Count One. ECF No. 117-2, ¶s 3, 4, 16, 18. Such an offer was not on the table. Emails between counsel and the Assistant U.S. Attorney show the Government was unwilling to dismiss Counts Two and Three and allow Defendant to plead guilty only to Count One. ECF No. 117-4 at 1. None of the emails between counsel reflect the Government offering any other plea deal, nor is there any record evidence suggesting this was the case.[5]

The Government also relies on the fact that Defendant maintained his innocence and intended to appeal his conviction. ECF No. 85, PSR ¶ 50; ECF No. 103 at 34 (referencing Defendant's intent to appeal during sentencing). If Defendant

---

[5] The Government asserts, incorrectly, that "pleading guilty to all counts as charged with a cooperation supplement is the best and only plea 'bargain' a defendant ever receives from the United States Attorney's Office for the Northern District of Florida." ECF No. 117 at 10. While that may typically be true, the undersigned knows this statement to not be 100% accurate. *See, e.g., Depine v. United States*, 3:19cr2/MCR/MAL.

was unwilling to admit guilt, the Government argues, he could not have successfully completed a guilty plea colloquy as required by Fed. R. Crim. P. 11. Even accepting that cooperation was not on the table, the Government says Defendant cannot show prejudice because he could not have entered even a straight up plea.

Finally, the Government argues Defendant cannot establish prejudice because he cannot show his sentence would have been less severe if he had entered a guilty plea. Counsel "competently and successfully convinced the Court to consider a below-guidelines sentence" basing his argument on Defendant's "family obligations and support, his future potential to be productive in society, his substance abuse history and the fact that his criminal history was essentially minor drug offenses with no convictions for violence." ECF No. 117 at 8 (citing ECF 86 at 2-5; ECF No. 103 at 31-35.) It maintains there is no evidence the court would have afforded Defendant the same proportional reduction if he had entered a guilty plea and had a lower guidelines range.

3. Discussion

As noted above, in order to prevail on an ineffective assistance of counsel claim, Defendant must establish both deficient performance and prejudice. Because the court may dispose of an ineffective assistance claim if a defendant fails to carry

his burden on either of the two prongs, *Strickland*, 466 U.S. at 697, and because it "need not address the performance prong if the defendant cannot meet the prejudice prong," *Holladay*, 209 F.3d at 1248, the Court begins with the prejudice prong.

Reiterating briefly, Defendant's guidelines range in this case was 360 months to life because he was a career offender who was convicted of a violation of 18 U.S.C. § 924(c) and received no reduction under § 3E1.1 for acceptance of responsibility. *See* U.S.S.G. § 4B1.1(c)(3). Such a defendant who receives a two-level reduction has an advisory guidelines range of 292 to 365 months, and with a three-level reduction the applicable guidelines range is 262 to 327 months. *Id.*

Defendant's claim of prejudice is premised on the assumption that if he had entered a "straight up" plea, (1) he would have received a three-level adjustment for acceptance of responsibility, yielding a guidelines range of 262 to 327 months, and (2) the district court would have imposed a sentence of approximately 66% of the low end of the guidelines as it did after his trial. Defendant's position, which relies on three layers of speculation, cannot meet his burden of establishing prejudice.

First, there is no guarantee that the district court would have accepted even a straight up plea. Before accepting a guilty plea, Rule 11 of the Federal Rules of Criminal Procedure requires the court to determine that the plea is voluntary and

there is a factual basis for the plea. Fed. R. Crim .P. 11(b)(2) and (3). This typically requires an admission of guilt. *Cf. North Carolina v. Alford*, 400 U.S. 25, 38 & n. 10 (1970) (finding no constitutional error in a court accepting a guilty plea from a defendant who maintains his innocence so long as there is a factual basis for the plea). A defendant has no absolute right under either the Constitution or Fed. R. Crim. P. 11 to have his guilty plea accepted by the court, and the court is within its discretion to refuse to accept such a plea. *United States v. Dykes*, 244 F. App'x 296, 298 (11th Cir. 2007) (citing *United States v. Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987)). When a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against acceptance of the plea. *Gomez-Gomez*, 822 F.2d at 1011. Even after his conviction at trial Defendant maintained his innocence, ECF No. 85, PSR ¶ 50, discrediting his assertion that he would have been able to enter a guilty plea.

Second, there is no guarantee Defendant would have received an acceptance of responsibility adjustment. The commentary to section 3E1.1 of the United States Sentencing Guidelines provides that a defendant entering a guilty plea before trial "combined with truthfully admitting the conduct comprising the offense of

conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . will constitute significant evidence of acceptance or responsibility." U.S.S.G. § 3E1.1, cmt. n. 3 (emphasis added). Such evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *Id.* Therefore, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right. *Id.* And a district court's determination whether to grant the reduction is entitled to great deference. *United States v. Roosevelt Coats*, 8 F. 4th 1228, 1262 (11th Cir. 2021) (citations omitted). The Eleventh Circuit recently stated that given the commentary to U.S.S.G. § 3E1.1 and the well-established law that "only the district court determines the guidelines range,"[6] "the likelihood that [a defendant who pleads guilty] would have received a guidelines reduction under § 3E1.1 is at best only conceivable, which is insufficient to establish prejudice." *Bilus v. United States,* Case 20-11585, 2021 WL 3523922, *6 (11th Cir. 2021) (*citing Harrington v. Richter*, 562 U.S. 86, 112 (2011) (explaining that, for purposes of *Strickland* prejudice, "[t]he likelihood of a different result must be *substantial*, not just *conceivable*.") (emphasis added)). The Eleventh

---

[6] *United States v. Boyd*, 975 F. 3d 1185, 1191 (11th Cir. 2020) (citing *Molina-Martinez v. United States,* 578 U.S. 189, 136 S. Ct. 1338, 1342 (2016) and U.S.S.G. § 1B1.1(a)).

Circuit concluded that the defendant Bilus's assertion that "he would have received a two-point reduction for acceptance of responsibility if he had pleaded guilty and therefore necessarily a lesser sentence is based on pure speculation." *Bilus*, 2021 WL 3523922, at *7.

The *Bilus* court found the defendant's assertion that he would receive an adjustment speculative even though obstruction of justice was not a factor in that case, as it is in the case at bar. *See* ECF No. 85, PSR ¶s 43-49, 58. The commentary to § 3E1.1 provides that obstruction ordinarily indicates a defendant has not accepted responsibility for his criminal conduct, but there may be "extraordinary cases in which both adjustments apply. U.S.S.G. § 3E1.1, cmt. n. 4. The requirement that there be "extraordinary" circumstances for both adjustments to apply further reduces the likelihood of the outcome Defendant assumes.

Finally, even if Defendant had received an adjustment, there is no guarantee that the district court would have followed the same departure "formula" from a lesser guidelines range. The sentencing court stated that a 240-month sentence "is a just and appropriate sentence under the specific circumstances of this case." ECF No. 103 at 39. The court did not indicate it reached this sentence through a mathematical formula that it would have applied regardless of the applicable

guidelines range, as Defendant now suggests. In fact, the record is silent as to what the district court would have done if the guidelines had been calculated differently. However, its statement regarding the "just and appropriate sentence" weighs against Defendant's position.

## III.    CONCLUSION

It is Defendant's burden to show he is entitled to relief by establishing both prongs of the *Strickland* test. *Beeman*, 871 F. 3d at 1222. The parties disagree on what Defendant was told and whether counsel's performance was deficient. Notwithstanding this factual dispute, an evidentiary hearing is not necessary to resolve Defendant's claim. The motion and files and records, along with prevailing law, conclusively establish Defendant is entitled to no relief because he cannot show prejudice. *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877. Having failed to meet his burden, the § 2255 motion should be denied in its entirety without a hearing.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 112) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

At Gainesville Florida on July 17, 2023.

*s/ Midori A. Lowry*
**MIDORI A. LOWRY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>   An objecting party must serve a copy of its objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.